1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EFRAIN CORNEJO,                            No.  2:16-cv-2594 KJM AC P

12
                        Petitioner,
13

14        v.                                    FINDINGS AND RECOMMENDATIONS

15

16   JOE LIZARRAGA, Warden,

17
                        Respondent.
18

19

20          Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for

21   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On August 7, 2017, respondent

22   filed a motion to dismiss this action on grounds that it is time-barred under the applicable one-

23   year statute of limitations, 28 U.S.C. § 2244(d)(1).  ECF No. 9.  Petitioner opposed the motion on

24   September 25, 2017.  ECF No. 12.  Respondent filed a reply on December 29, 2017.  ECF No. 17.

25   I.      PROCEDURAL HISTORY

26          In 2008, petitioner was convicted of simple kidnapping, robbery and possession of stolen

27   property by a Sacramento County jury.  See ECF No. 1 at 21; ECF No. 10, Lodged Document

28   ("LD") 1.  On March 12, 2009, he was sentenced to twenty-five years in prison.  LD 1.  The

1

sentence followed plaintiff's agreement to waive custody credits and appeal rights in order avoid a potential life sentence.  See ECF No. 1 at 21; LD 3.

Petitioner did not file a direct appeal.

On December 8, 2015, petitioner filed a petition for writ of habeas corpus in Sacramento County Superior Court.  ECF No. 10, LD 2.  The petition was denied on January 29, 2016.  Id., LD 3.

Thereafter, on February 23, 2016, petitioner filed a habeas petition in the California Court of Appeal.  Id., LD 4.  It was summarily denied on March 4, 2016.  Id., LD 5.

On June 23, 2016, petitioner filed a habeas petition in the California Supreme Court.  ECF No. 10, LD 6.  It was summarily denied on August 31, 2016.  Id., LD 7.

The instant petition was filed on October 31, 2016.  ECF No. 1.  The petition includes an assertion that equitable tolling is appropriate on the ground of disabilities.  Id. at 10.

On August 7, 2017, respondent filed the instant motion to dismiss.  ECF No. 9.  Petitioner filed an opposition on September 25, 2017, and a duplicate filing on October 16, 2017.  ECF Nos. 12, 14.  On December 29, 2017, respondent filed a reply.  ECF No. 17.

II.        RESPONDENT'S MOTION TO DISMISS

Respondent argues that petitioner's federal habeas petition is untimely pursuant to 28 U.S.C. § 2244(d).  See ECF No. 9 at 2.  Respondent contends that because petitioner did not appeal his sentence, it became final on May 11, 2009, sixty-days after the imposition of petitioner's sentence.  See id. at 3.  As a result, the one-year statute of limitations clock began to run on May 12, 2009 and ran out on May 11, 2010, absent tolling.  Id.

Respondent further contends that because petitioner did not file any post-conviction appeals within the one-year statute of limitations period, no tolling occurred.  See id.  Therefore, when petitioner filed the instant petition on October 31, 2016, he exceeded the one-year statute of limitations by six years.  Consequently, the petition is time-barred.  See id.

Respondent asserts that neither petitioner's mental disabilities, nor his placement in the mental health treatment population in prison, nor his lack of knowledge of the law entitle him to equitable tolling because petitioner has not demonstrated that (1) he pursued his rights diligently,

2

and (2) some extraordinary circumstance stood in his way and prevented him from timely filing. See ECF No. 9 at 5-6 (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005)). Respondent further contends that petitioner's mental impairments do not support equitable tolling under Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (equitable tolling available on grounds of mental impairment only where petitioner is unable to personally understand the need to timely file or to prepare the petition, and is unable to meet the filing deadline due to impairment).

III.    PETITIONER'S OPPOSITION

In petitioner's opposition,[1] he contends that equitable tolling is appropriate because: (1) as a juvenile defendant, he was told by his attorney that one of the conditions of his plea deal was the forfeiture of his right to appeal, and (2) he suffers from a learning and comprehension disability. See ECF No. 14 at 2. Petitioner further asserts that given the ineffective assistance of trial counsel, the State should bear responsibility for the time lapse. See id. at 3 (citing Kimmelman v. Morrison, 477 U.S. 365 (1986) and Murray v. Carrier, 477 U.S. 478 (1986)) . Petitioner also cites to Lafler v. Cooper, 566 U.S. 156 (2012) to assert that he had a right to effective assistance of counsel when plea bargaining and that he was prejudiced by counsel because his plea bargaining led to a more severe sentence. See ECF No. 14 at 4.

A declaration attached to the petition from petitioner's jailhouse lawyer also alleges that petitioner's transfers to different prisons, his difficulty obtaining his court files, and language barriers with petitioner's mother were additional reasons why petitioner was unable to timely file his federal petition. See id. at 5-6.

IV.    RESPONDENT'S REPLY

In the reply, respondent counters that petitioner has not demonstrated that he was faced with extraordinary circumstances that would entitle him to equitable tolling. See ECF No. 17 at 2. In support of this argument, respondent proffers a review of petitioner's medical records noting that: (1) petitioner was not a juvenile when he was convicted; he was eighteen years of

---

[1] Petitioner's opposition was drafted by a jailhouse lawyer on petitioner's behalf. See ECF No. 14 at 4.

3

age; (2) petitioner did not have diminished mental capacity either during the one-year limitations period or for over a year after it had expired, and (3) transfers to different prisons had minimal effect on petitioner's ability to timely file because with the exception of the first eight days, he was housed in the same prison for the entire limitations period.  See ECF No. 17 at 2-8.

In addition, respondent asserts that <u>Lafler</u> does not permit a later trigger date for appeals, nor is it retroactive.  For these reasons, respondent asserts, petitioner's petition should be dismissed with prejudice.  <u>See</u> <u>id.</u> at 10.

V.     <u>DISCUSSION</u>

A.  <u>Commencement and Running Of The Limitations Period</u>

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court.  The one-year clock runs from one of several alternative triggering dates.  <u>See</u> 28 U.S.C. § 2244(d)(1).  In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Per Rule 8.308(a) of the California Rules of Court, a conviction must be appealed within sixty days after the entry of judgment.  Since judgment was entered on March 12, 2009 (<u>see</u> ECF No. 10, LD 1), the end of the sixty-day period for petitioner to file a direct appeal was May 11, 2009.  The statute of limitations expired one year later on May 11, 2010.  Petitioner filed the instant petition on October 31, 2016.  ECF No. 1.  Absent statutory or equitable tolling, the instant petition was untimely.

B.     <u>Statutory Tolling</u>

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  The "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>overruled in part on other grounds</u>, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002).  State habeas petitions filed after the one-year statute of limitations

has expired do not revive the statute of limitations and have no tolling effect. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (citing <u>Tinker v. Moore</u>, 255 F.3d 1331 (11th Cir. 2001)).

Petitioner filed his first state habeas petition on December 11, 2015. ECF No. 10, LD 2. This was over five and a half years after May 11, 2010, the date the federal statute of limitations expired. Accordingly, there is no basis for statutory tolling of the statute of limitations in this case.

C.    Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." <u>Holland</u>, 560 U.S. at 653 (internal citations and quotation marks omitted).

Concerning mental illness, the Ninth Circuit has specified that "equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." <u>Bills</u>, 628 F.3d at 1096.

Regarding ineffective assistance of counsel, the Supreme Court and Ninth Circuit have determined that in some instances, misconduct of counsel may provide the extraordinary circumstances necessary to establish equitable tolling. <u>See Holland v. Florida</u>, 560 U.S. 631, 651-52 (2010) (stating counsel's failure determine filing deadline, inform client of state court decision, and failure to communicate constituted extraordinary circumstances); <u>see also</u> <u>Spitsyn v. Moore</u>, 345 F.3d 796, 800 (9th Cir. 2003) (noting sufficiently egregious attorney misconduct may constitute extraordinary circumstance). At the same time, however, equitable tolling is not

warranted for a garden variety claim of excusable attorney neglect or mistake. <u>Doe v. Busby</u>, 661 F.3d 1001, 1011-12 (9th Cir. 2011).

An evidentiary hearing is appropriate where petitioner has made good-faith allegations that would, if true, entitle him to equitable tolling. <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006), <u>cert. denied</u>, 549 U.S. 1317 (2007).

### a. <u>Diligence</u>

Petitioner makes no showing that he diligently pursued his rights during the period relevant to the timeliness of the instant petition. Furthermore, petitioner does not dispute respondent's claims that during the relevant time period, petitioner competently advocated for his health care needs, requesting an eye exam, medication and a blanket. <u>Compare</u> ECF No. 14, <u>with</u> ECF Nos. 1, 17 at 4-5. Whether or not petitioner's ability to do these supports an inference that he was also capable of understanding the concept of timely filing or preparing a habeas petition, he has failed to document *either* any actions he took in pursuit of his rights *or* a lack of capacity to take such actions. Consequently, petitioner fails to meet the "diligent pursuit" prong of equitable tolling analysis.

### b. <u>Extraordinary Circumstance:  Plaintiff's Mental Impairments</u>

Petitioner has not provided any medical documentation that he suffered from mental illness or cognitive deficits, let alone illness or deficits so severe during the limitations period that he was unable to either understand the need to file or prepare a timely habeas petition. <u>See generally</u> ECF Nos. 1, 14. The verified complaint and attached declarations assert in highly general terms that petitioner has suffered from an unspecified "learning and comprehension problem" or "learning and comprehension disability" since early childhood. ECF No. 1 at 22; <u>id.</u> at 43 (Declaration of Maria Carmen Torres (petitioner's mother)); <u>id.</u>at 49 (Declaration of Efrain Cornejo (petitioner)). The petition also alleges that petitioner has been treated for unspecified mental illness. ECF No. 1 at 23. These conclusory allegations fall far short of establishing that petitioner's impairments were so severe that he was unable rationally or factually to personally understand the need to timely file, or that his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. <u>See Bills</u>, 628 F.3d at 1099-1100. Petitioner's

showing also falls far short of establishing that the mental impairment made it impossible for him to meet the filing deadline.  See id.

Moreover, petitioner does not deny respondent's representations that he was not a part of the prison's mental health treatment population until March 2011, over ten months after the limitations period had expired.  For all these reasons, plaintiff's claim of mental impairment does not satisfy the "extraordinary circumstance" prong of the equitable tolling analysis.  There is no basis for an evidentiary hearing because plaintiff has not made specific allegations which would, if true, entitle him to equitable tolling.

### c.  Extraordinary Circumstance:  Ineffective Assistance of Trial Counsel

Petitioner waived his right to appeal at the time of sentencing, and now contends that this waiver was invalid because of his mental impairments and because his lawyer failed to explain the gravity of the waiver in terms he could understand.  See generally ECF Nos 1, 14 at 2. Petitioner here identifies counsel's conduct related to the waiver as a basis for equitable tolling. Because petitioner has failed to provide medical documentation of mental health or cognitive deficits at the time of his waiver, or specific allegations of such impairment which would if true support tolling, that aspect of his theory fails.

Furthermore, petitioner fails to present even a prima facie case that counsel's advice regarding the waiver was unreasonable, let alone that it constituted misconduct so egregious that it will support equitable tolling.  In a lengthy reasoned opinion on state habeas review, the Sacramento County Superior Court addressed petitioner's ineffective assistance of counsel claim as it related to his waiver of appeal.  See ECF No. 1 at 53-55.  After finding that the 2015 petition was untimely (see id. at 53), the court went on to evaluate trial counsel's advice to petitioner to waive his right to appeal:

> Petitioner claims that after his conviction of kidnapping for robbery in violation of Penal Code section 209, his counsel was ineffective for advising Petitioner to waive his pre-sentence credits and to waive his right to appeal when he had potentially meritorious claims on appeal, i.e., that his confession was improperly admitted. First, at the time that the waivers were being entered, the trial court was entertaining the parties' motion to reduce the kidnapping for

robbery charge, for which the sentence would have been life imprisonment, to, simple kidnapping, for which the sentence would be a determinate term. Given Petitioner's exposure to life imprisonment, it was not unreasonable for trial counsel to advise Petitioner to waive his right to pre-sentence custody credits. Similarly, it was not unreasonable to recommend that Petitioner waive his right to appeal: as the trial court explained, if it did not reduce the kidnapping charge, Petitioner would retain his right to appeal, but Petitioner had to waive the right to appeal if the court reduced the charge to simple kidnapping. Moreover, even if counsel's advice had been deficient, Petitioner has not shown that it was prejudicial: if Petitioner had refused to waive his right to appeal, he would have been sentenced to life imprisonment, but been able to appeal. However, he has not shown that the appeal likely would have resulted in reversal, of his conviction. . . . Therefore, Petitioner has not shown that any error in admitting the confession was prejudicial or that trial counsel was ineffective.

ECF No. 1 at 54-55 (citation omitted).

This assessment is eminently reasonable. And even if counsel's advice had been unwise or unreasonable, it would not rise to the level of extreme attorney misconduct -- such as attorney abandonment or outright deception -- that can support equitable tolling. See Holland, 560 U.S. at 651-52; Spitsyn, 345 F.3d at 801 (equitable tolling warranted when lawyer hired to prepare federal habeas petition did not act, did not respond to inquiries, and did not return legal materials until limitations period had run); United States v. Martin, 408 F.3d 1089, 1095-96 (8th Cir. 2005) (equitable tolling warranted where attorney lied about existence of a statute of limitations and the status of the case, refused to communicate with petitioner or his family, did not file any documents on petitioner's behalf, and failed to return any documents despite repeated requests and later demands).

To the extent petitioner contends that counsel failed to advise him that he could appeal the voluntariness of the appeal waiver, this also does not constitute an extraordinary circumstance to justify equitable tolling. See Perez v. Hedgepeth, No. 1:06-cv-00846 AWI DLB HC, 2009 WL 174145, at *5 (E.D. Cal. Jan. 23, 2009) (failure to inform a defendant of his right to appeal does not constitute an extraordinary circumstance to justify equitable tolling). At most, such failure would constitute mere negligence. Id. It is well-established that an attorney's ordinary

negligence does not rise to the level of extraordinary circumstances to warrant equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1968 (9th Cir. 2002); see also Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

                d.     Conclusion

For the reasons explained above, petitioner has not established his entitlement to equitable tolling.

## VI.     PLAIN LANGUAGE SUMMARY OF THESE FINDINGS AND RECOMMENDATIONS FOR A PRO SE LITIGANT

The magistrate judge is recommending that your petition be dismissed because it was filed too late. You are not entitled to statutory tolling because your state habeas petitions were all filed after the one-year federal court deadline had passed. You are not entitled to equitable tolling for the following reasons: (1) you have not shown that you had been diligently pursuing your rights after trial; (2) you have not sufficiently established an "extraordinary circumstance" with respect to your mental impairment because you have not shown that it severely impaired your ability to file on time despite your efforts, and (3) you have not established an "extraordinary circumstance" with respect to your ineffective assistance of counsel claim because you have not shown that trial counsel's actions amounted to egregious misconduct.

## VII.    CONCLUSION

Because the petition was filed more than one year after expiration of the limitations period, and because petitioner is entitled to neither statutory nor equitable tolling, the petition is untimely and must be dismissed. Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 9) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

which issues.  <u>See</u> 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 30, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE